Brian White, # 180957
Westchester County Jail
P.O. BOX# 10
Valhalla, New York 10595

Plaintiff, Pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian White,<br><br>Plaintiff,<br><br>Vs.<br><br>Westchester County; Aramark Correctional Services; Westchester County Department of Corrections Commissioner Kevin D. Cheverko; Aramark Food Service Director Manual Mendoza; Line Supervisor Penny Stewart; Aramark Food Service Manager Darnell Flax; Assistant Warden Karl Vollmer; Assistant Warden Francis Delgrosso; Westchester County Executive Robert P. Astorino; Aramark Food Service Director Hutson; Sergeant Matthew Kitt; Sergeant Beckford,<br><br>Defendants. | Case No.__________<br><br>**CIVIL RIGHTS VERIFIED COMPLAINT [§1983]**<br><br>**Trial by Jury Demanded** |

Comes Now, Brian White, 180957, Plaintiff pro se who presents the following civil rights, and combined Monell claims within the complaint seeking compensatory, declaratory relief inter alia as follows:

## I. INTRODUCTION

1. This action arises out of defendant's deliberate indifference, cruel & unusual punishment inter alia. This Lawsuit involves Westchester County Department of Corrections' administration, charged with the care and custody of approximately 1,100 inmates, Aramark Correctional Services, llc who contracted with Westchester County to provide inmates of the Westchester County Jail ("WCJ") their daily meals, inter alia.

2. The complaint adequately describes, and alleges that the meals that Plaintiff is receiving at WCJ are substandard. These meals are being prepared and provided by Aramark Correctional Services, its employee's in concert with WCJ staff.

## II. PARTIES

**Plaintiff**

3. Brian White, ("Plaintiff") is presently a pretrial detainee in the custody of WCJ. At all times relevant Plaintiff was housed in the Old Jail & the New Jail section of WCJ.

**Defendants:**

4. Westchester County, was at all times relevant a municipal, corporate, subdivision of the State of New York, responsible for policies, customs, and usages in the WCJ.

5. Aramark Correctional Services, LLC, was at all times relevant a private company performing a governmental function at the WCJ on behalf of Westchester County, by way of preparing inmate meals, and selling inmate commissary/hot meals.

6. Kevin Cheverko, was at all times relevant the Commissioner of the Westchester County Department of Corrections, responsible for supervising subordinates, protecting constitutional rights of prisoners, and supervising contractors to ensure constitutional compliance. Moreover, Cheverko is responsible for creating and enforcing policies at WCJ.

7. Manual Mendoza, was at all times relevant the food service Director at WCJ on behalf of Aramark Correctional Services. Manual Mendoza, was responsible for overseeing kitchen staff, and inmate workers to ensure food safety, proper food temp., and that adequate foods were being served on clean surfaces/trays.

8. Penny Stewart, was at all times relevant an Aramark employee assigned to WCJ as a line supervisor, responsible for supervising inmates who prepare meal trays, and the clean-up thereafter.

9. Darnell Flax, was at all times relevant the food service manager assigned to the WCJ on behalf of Aramark Correctional Services, LLC, and was responsible for overseeing kitchen staff, and inmate workers to ensure food safety, proper food temp., and that adequate foods were being served on clean surfaces/trays.

10. Karl Vollmer, was at all times relevant the assistant warden at WCJ responsible for the creation of policies, customs, and usages. Karl Vollmer, was also responsible for approving, or denying inmate grievances.

11. Francis Delgrosso, was at all times relevant the assistant warden at WCJ responsible for the creation of policies, customs, and usages. Francis Delgrosso, is also responsible for approving and denying inmate grievances.

12. Robert P. Astorino, was at all times relevant the Westchester County Executive, and had sufficient knowledge of the deprivations occurring at the Westchester County Jail, but failed to intervene on behalf of Plaintiff.

13. Food Service Director Hutson, was at all times relevant the food service director at the WCJ on behalf of Aramark Correctional Services, LLC, and was responsible for the direct supervision of kitchen staff and inmate workers.

Moreover, he was responsible for food preparation, and the storing of used, and the re-using thereof.

14. Matthew Kitt, was at all times relevant a Correctional Sergeant Assigned to the Westchester County Jail, responsible for investigating, and accepting inmate grievances.

15. Sergeant Beckford, was at all times relevant a correctional Sergeant assigned to the Westchester County Jail, responsible for investigating, and accepting inmate grievances.

16. All defendant(s) were acting under color of law.

17. All defendant's are being sued in their indivdual and official capacties.

## III. JURISDICTION AND VENUE

17. This Court has federal jurisdiction over Plaintiffs claims Pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1343, and his claims arising out of defendant's violation of the First, Eighth, and Fourteenth Amendments to the United States Constitution.

18. The Southern District of New York is the proper venue as the act(s) or omissions complained of, and giving rise to this claim occurred in this jurisdiction.

## IV. PREVIOUS LAWSUITS

19. Plaintiff has never filed a lawsuit nor has there been previous litigation regarding any of the issues described in this complaint.

## V. STATEMENT OF FACTS

20. Plaintiff hereby asserts that he arrived at the Westchester County Jail ("WCJ") in or around October 26, 2017, as a pretrial detainee. Since, Plaintiff's arrival at WCJ he has notified medical authorities of his allergies and chronic conditions. As a result Plaintiff was placed on a NO SOY, medical diet.

21. Through out Plaintiff's confinement at WCJ he asserts that his meals have been arriving under cooked, minimum portions, containing inmate hair, served on molded trays, and at times containing insects.

22. Plaintiff asserts that the meat served on his special diet tray;prepared by aramark kitchen staff,(and inmate workers) was always raw, and observed by correctional staff. Despite the fact, that Correctional officers were personally observing Plaintiff's food to be substandard, most of the time he was sent a replacement tray, that was also improperly cooked (raw), or not offered or provided anything else or otherwise fed adequately cooked foods.

23. Plaintiff states, that in or around December 1, 2017 he received a tray containing a meat substance, that was so undercooked, that it was leaking blood into his meal tray. Plaintiff avers that he held his meal tray, and displayed such to Sergeant Kitt during [Kitt's] rounds of the 3-East housing unit but he stated " what the fuck! jajaja, thats nigger food." and kept walking away, causing african american inmates to shout vulgarities at him.

24. Plaintiff was not properly fed during this instance, and forced to eat bread and water.

25. Plaintiff states that the meal trays used to serve his meals were covered in mold, and leaking a foul smelling liquid substance, that smelled like rotting meat. Moreover, the meal trays were peeling, and plastic from the meal tray was mixing with the meals.

26. Plaintiff avers that in or around December 16, 2017 he received his dinner tray, and the meat on the tray appeared to be cooked on the outside, but internally the meat appeared as though it were entirely raw. Plaintiff made this shocking discovery after taking a massive bite of the aforesaid meat. This meat was observed by Correctional officer Moccio, who subsequently lodged a special report alleging same on January 7, 2018 (Moccio Badge # 651).

27. In or around December 16, 2017 Plaintiff filed a grievance with sergeant Beckford with respect to the under-cooked meat he'd been receiving, and displayed the meal tray containing the undercooked meat. Whereas, defendant Beckford stated " oh my god that's disgusting, that what I need to see when guys file grievances."

28. However, defendant Beckford denied Plaintiff's grievance by alleging that Aramark kitchen staff stated that the meat was precooked turkey. This obviously adds insult to injury, because the aforesaid meat was clearly not precooked.

29. This behavior demonstrates a conspiracy amongst Ara-mark employee's and defendant Beckford.

30. In or around January 18, 2018 Plaintiff received his lunch tray, that contained meat on his tray that was grossly undercooked. After, eating some of the meat Plaintiff noticed that the meat was read, and bleeding. Some of the inmates were laughing at Plaintiff, because his teeth were red from chewing the meat. The officer on post at 4SW housing unit observed this, and immediately called the kitchen for a replacement, and dully logged this incident in the 4SW complaint book.

31. Plaintiff was subsequently brought another tray, but the meat within the tray was identical (raw), officer Magnasun, who brought the replacement also observed this along with officer Dejesus.

32. Plaintiff asserts, that on January 18, 2018 he filed a grievance with respect to receiving undercooked meats, and noticed that multiple inmates were also complaining of undercooked meats.

33. Plaintiff avers, that on three separate occassions he received hair within his meal tray, specifically on his rice (November 2017; December 2017).

34. Plaintiff states that as a result of consuming under-cooked foods he has become ill, and required medication attention.

35. Plaintiff states that Aramark staff and defendant's allow for Plaintiff and inmates of WCJ to be served old left overs, undercooked foods, served on rotted meal trays, that contain hair and insects without impunity.

36. On belief, defendant's do not properly supervise the inmates who prepare WCJ meals, and they do not ensure that inmate workers are wearing gloves, hair nets etc when preparing or serving meals.

37. As a result Plaintiff became ill.

38. On belief, this has been an ongoing proplem for, an extended period, but defendant's turn the blind eye, and create excuses to justify the misconduct, despite the fact that the excuses are implausible.

39. Plaintiff avers that on December 31, 2017 he received his lunch meal, and the tray contained a dead fly.

40. Plaintiff avers, that the meals being offered to him are minimum and appear to be a constellation of old foods, that aramark fails to dispose of.

41. As a result Plaintiff was injured, and seeks redress.

## VI. DAMAGES/INJURIES

a. Violation of Plaintiff's First, Eighth, and Fourteenth Amendments to the U.S. Const.;
b. Extreme stomach pains & Cramps;
c. Vomiting & Nausea;
d. hunger pangs;
e. Significant weight loss;
f. Head aches & fatigue feeling;
g. Unwanted stretch marks;
h. Diarrhea;
i. Future medical & pharmacutical expenses.

COUNT I

MONELL CLAIMS AGAINST WESTCHESTER COUNTY,
ARAMARK CORRECTIONAL SERVICES, LLC

42. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

43. Defendant Westchester County, failed to properly train, supervise, and have a custom of failing to do so; by failing to train and supervise subordinates and/or contractors to ensure that foods being served at the WCJ were served, and being prepared in full satisfaction of established federal and state laws.

44. Defendant's has allowed for a longstanding pattern of substandard food to be served to Plaintiff, and other inmates at the Westchester County Jail; depriving them of essential nutrients, because of a clause in Westchester County,[defendant Cheverko], and Aramark Correctional Services, LLC's contract, that indemnificatdefendant Westchester County with respect to food related lawsuits.

45. As a result of defendant's conduct Plaintiff was injured and seeks redress.

## COUNT II

## § 1983 CLAIMS OF CRUEL AND UNUSUAL PUNISHMENT AGAINST ALL DEFENDANTS

46. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

47. Defendant's here caused Plaintiff to eat substandard foods for an extended period with a complete disregard for his safety, and serious medical needs; subsequently, causing Plaintiff to become sick, and suffer from multiple ailments.

48. Defendant's caused Plaintiff to consume under cooked foods (raw), served on molded trays, with insects, and human hair for and extended period, and deliberately refused to intervene, and rectify the wrongdoings despite their knowledge of occurence, and similar complaints.

49. Defendant's allowed this conduct to permeate the WCJ, by defending it in grievances answers, and creating implausible excuses for the wrongdoing.

50. As a direct and proximate result of defendant's conduct Plaintiff was damaged and seeks redress.

## COUNT III § 1983 CLAIMS OF DELIBERATE INDIFFERENCE AGAINST ALL DEFENDANT'S

51. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

52. Defendant's here were consciously aware of the substandard foods being served to Plaintiff [and other inmates at WCJ], but they deliberately allowed for the wrongdoings to continue to occurr without and meaningful intervention.

53. Defendant's have been named in over 40 food related lawsuits at WCJ arising from similar claims as raised herein, See Pagan et al., V. Westchester County, et al., (S.D.N.Y. 12-Civ. 7669 (PAE)(SN); Henery Perez V. Westchester County, and countless others.

54. Since Plaintiff's confinement at WCJ, WCJ authorities have received over 60 food related grievances inter alia.

55. On information and belief two separate groups of inmates at the WCJ have recently filed multiple Plaintiff actions in the Southern District of New York alleging similar claims that I raised herein: Santiago Gomez, et al., V. Westchester County, et al.,and Christopher Ross, et al., V. Westchester County/Aramark Corporation et al.

56. Accordingly, defendant's could not pretend to be oblivious to Plaintiff's complaints inter alia.

57. As a result Plaintiff was damaged.

**COUNT IV § 1983 CLAIMS OF CONSPIRACY**

**AGAINST ALL DEFENDANT'S**

58. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

59. Here defendant's conspired amongst each other to provide Plaintiff, and WCJ inmates substandard undercooked meats, served on rotted trays, and containing inmate hair & insects, and attempted to conceal the civil rights deprivation, by filing false facts, and statements in greivance responses, despite the fact that Plaintiff's allegations/claims were substantiated by other correctional staff [correctional officers assigned to 4SW housing unit].

60. As a result Plaintiff was damaged, and seeks redress.

## COUNT V § 1983 CLAIMS OF FAILURE TO INTERVENE AGAINST ALL DEFENDANT'S

61. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

62. Defendant's here had sufficient prior, and present notice that Plaintiff, and other inmates at WCJ were being served unconstitutional meals, but defendant's failed to intervene, and prevent further harm. In fact, defendant's attempted to cover the misconduct by creating implausible responses to Plaintiff's validated grievances, and complaints therefore effectively ratifying the misconduct.

63. As a result Plaintiff was damaged and seeks redress.

## COUNT VI § 1983 CLAIMS OF INTERFERENCE WITH ACCESS TO THE COURT AGAINST DEFENDANT'S BECKFORD AND KITT

64. Plaintiff hereby incorporates and references all of the foregoing paragraphs and further alleges:

65. Defendant Kitt while consciously aware that Plaintiff had to submit a grievance prior to filing a lawsuit Pursuant to Prisoner Litigation Reform Act, deliberately refused to accept Plaintiff's grievance with the intention of depriving Plaintiff of his right to petition the government for redress.

66. Defendant Beckford, deliberately submitted a grievance response to Plaintiff's grievance and denied his grievance, despite the fact that she personally observed Plaintiff's meat to be so raw that it nauseated her.

67. As a result Plaintiff was damaged and seeks redress.

68. Plaintiff also request that this honorable Court assist Plaintiff with identifying any other and further claims that this complaint may suggest, but not raised herein.

RELIEF

**WHEREFORE,** Plaintiff hereby requests the following releif:

**AWARE THE FOLLOWING:**

a. Declaratory judgment that Plaintiff's rights were violated under the First, Eighth, and Fourteenth Amendments to the U.S. Const.;

b. Compensatory damages against all defendant's jointly & Severally against all defendant's in the amount of $500,000;

c. Punitive damages against all defendant's jointly & Severally against all defendant's in the amount of $5,000,000;

d. Nominal damages against all defendant's;

e. Special damages against all defendant's jointly & Severally in the amount of $400,000;

f. Future medical expenses.

## DECLARATION UNDER PENALTY OF PERJURY

I Brian White, state that I have read the Verified Complaint and assert that the contents thereof are true and correct Pursuant to 28 U.S.C. § 1746, except for the matters that I allege to be on information and belief, and even those matters I believe them to be true. The Verified Complaint was executed on January 19, 2018.

Dated: Valhalla, New York
January 19, 2018

Brian White, Plaintiff
JID 180957
P.O. BOX# 10
Valhalla, New York 10595

**EXHIBIT NO. 1**

**New York State Commission of Correction**
**Inmate Grievance Form**
**Form SCOC 7032-1 (11/2015)**

4SW-5

**Facility:** WDOC **Housing Location:** ~~3NW 5~~

**Name of Inmate:** Brian White **Grievance #:** 17-589

**Brief Description of the Grievance (Submitted by the grievant within 5 days of occurrence)**
**Number of Sheets Attached ( )**

I have received non-edable globs of Meat since I arrived it is either over cooked and hard as a rock or undercooked and pink. Today it was a rock and yet no one knows what kind of meat it is, one day its Turkey the next chicken and the other beef.

**Action requested by the grievant (Submitted by the grievant within 5 days of occurrence):**
**Number of Additional Sheets Attached ( )**

I need to be served edable Meat. The food is ~~not~~ nearly enough to survive so what I get should be edable and up to NYS Heath dept. code.

**Grievant Signature:** [signature] **Date/Time Submitted:** / /

**Receiving Staff Signature:** Sgt. I. Lopez [signature] **Date/Time Received:** 12/10/17

**Investigation Completed by:** Sgt. I. Lopez [signature] **Date Completed:** 12/12/17

**Decision of the Grievance Coordinator** **Number of Sheets Attached (1)**
***Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination***

- ☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
- ☐ Grievance Accepted
- ☒ Grievance Denied on Merits
- ☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
- ☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

See memo

Signature of the Grievance Coordinator: [signature] Date: 12/12/17

White

**New York State Commission of Correction**
**Inmate Grievance Form Part II**

**NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO C.A.O. FOR DETERMINATION**

**Grievant's Appeal to the Chief Administrative Officer**
***Must submit within two business days of receipt of the Grievance Coordinator's written decision***
I have read the above decision of the Grievance Coordinator and
( ) I agree to accept the decision
(X) I am appealing to the Chief Administrative Officer

**Grievant Signature:** [signature] **Date:** 1/7/18

**Decision of the Chief Administrative Officer:** **Number of Sheets Attached ( )**
***Shall be issued within five business days after receipt of appeal and provided to grievant***

☐ **Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CPCRC)**
☐ **Grievance Accepted (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(i))**
☒ **Grievance Denied on Merits**
☐ **Grievance Denied due to submitted beyond 5 days of act or occurrence (may be appealed to CPCRC)**
☐ **Grievance Denied due to appeal submitted beyond 2 business days (may be appealed to CPCRC)**
☐ **Grievance Accepted in part/Denied in part (attach written directive of provided remedy/relief pursuant to 9 NYCRR §7032.4(i) for the Accepted portion of grievance)**

SEE ATTACHED MEMO

**Signature of the Chief Administrative Officer:** [signature] **Date:** 1/9/18

**Pursuant to 9 NYCRR §7032.5(a), any grievant may appeal any grievance DENIED by the facility administrator, in whole or in part, to the State Commission of Correction.**

I have read the above decision of the Chief Administrative Officer and
( ) I agree to accept the decision
(✓) I am appealing to the Citizen's Policy and Complaint Review Council

**Grievant Signature:** [signature] **Date:** 1/9/18

## Submission to the Citizen's Policy and Complaint Review Council

**NOTE: IF GRIEVANT HAS BEEN TRANSFERRED OR RELEASED FROM THE FACILITY, FORWARD TO CPCRC UNLESS C.A.O. HAS ACCEPTED THE GRIEVANCE IN ITS ENTIRETY**

**NOTE: A GRIEVANCE ACCEPTED IN ITS ENTIRETY BY THE CHIEF ADMINISTRATIVE OFFICER OR FOUND NON-GRIEVABLE BY THE CHIEF ADMINISTRATIVE OFFICER MAY NOT BE APPEALED, AND SHALL NOT BE FORWARDED, TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL.**

**I HAVE ISSUED THE GRIEVANT A RECEIPT INDICATING THE DATE THE APPEAL HAS BEEN SUBMITTED TO THE CITIZEN'S POLICY AND COMPLAINT REVIEW COUNCIL. I HAVE ENCLOSED WITH THIS GRIEVANCE THE INVESTIGATION REPORT, THE WRITTEN DIRECTIVE OF PROVIDED REMEDY/RELIEF FOR GRIEVANCES SUSTAINED IN PART (IF APPLICABLE) AND ALL OTHER PERTINENT DOCUMENTS.**

Signature of the Grievance Coordinator: Capt. Roberts Date: 1/10/18

**EXHIBIT NO. 2**

Westchester gov.com

Department of Correction, Valhalla, New York

**Date:** December 12, 2017

**To:** Inmate Brian White (4SW-5 Bkng #17-4778 JID #180957)

**From:** Sergeant I. Lopez #212

**Re:** Grievance #J-17-589

Your grievance has been denied. After speaking with Aramark Line Supervisor Penny Stewart, the "globs" of meat as you so put it are ground chicken. If you feel that your meat has been over or under cooked, you are to inform the on duty block Officer so that he can inform the kitchen and rectify the issue. The meat you are being served is in fact "edible" and up to NYS Health Department code. Based on these facts, your grievance is denied on merits.

Westchester gov.com

Department of Correction Valhalla, New York

# Memorandum

**Date:** **14 December 2017**

**To:** **WHITE, Brian**
**Detainee JID #180957; BKG #17-4778**

**From:** **Karl Vollmer**
**Assistant Warden**

**Re:** **Grievance #17-0589**

---

I have reviewed your appeal to the grievance referenced above and I concur with the grievance coordinators decision.

What you are receiving is ground chicken that meets all applicable daily nutritional requirements. The meat is scooped out with an ice cream scoop and it is cooked in a ball. If you have any issues with the meat then you should bring it to the officer's attention immediately.

The meat is edible and in compliance with any and all dietary regulations.

Your grievance is denied.

**EXHIBIT NO. 3**

**New York State Commission of Correction**
**Inmate Grievance Form**
**Form SCOC 7032-1 (11/2015)**

**Facility:** Westchester county Jail **Housing Location:** 4SW 5

**Name of Inmate:** Brian White **Grievance #:** 17-0604

**Brief Description of the Grievance** *(Submitted by the grievant within 5 days of occurrence)*
**Number of Sheets Attached ( )**

I received on My dinner tray my Meat which was bloody and pink entirely. I realized it after I took a bite and consumed it. I reported it to the corrections officer who also observed it on 4SW on December 16th 2017. I would like to be seen by medical for stomach pains.

**Action requested by the grievant** *(Submitted by the grievant within 5 days of occurrence)*
**Number of Additional Sheets Attached ( )**

Please fully cook my food. This is the second time I have become sick from eating it.

**Grievant Signature:** [signature] **Date/Time Submitted:** 12/16/17

**Receiving Staff Signature:** Sgt. Beckford 211 **Date/Time Received:** 12/16/17 @ 2010

**Investigation Completed by:** Sgt. Beckford 211 **Date Completed:** 1/5/18

**Decision of the Grievance Coordinator** **Number of Sheets Attached ( )**
*Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination*

- ☐ Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)
- ☐ Grievance Accepted
- ☒ Grievance Denied on Merits
- ☐ Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)
- ☐ Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)

See Attach Memo

**Signature of the Grievance Coordinator:** Sgt. Beckford 211 **Date:** 1/5/18

**EXHIBIT NO. 3**

**New York State Commission of Correction**
**Inmate Grievance Form**
**Form SCOC 7032-1 (11/2015)**

**Facility:** Westchester county Jail **Housing Location:** 4SW 5

**Name of Inmate:** Brian White **Grievance #:** 17-0604

**Brief Description of the Grievance (Submitted by the grievant within 5 days of occurrence)**
**Number of Sheets Attached ( )**

I received on My dinner tray my meat which was bloody and pink entirely. I realized it after I took a bite and consumed it. I reported it to the corrections officer who also observed it on 4SW on December 16th 2017. I would like to be seen by medical for stomach pains.

**Action requested by the grievant (Submitted by the grievant within 5 days of occurrence):**
**Number of Additional Sheets Attached ( )**

Please fully cook my food. This is the second time I have become sick from eating it.

**Grievant Signature:** [signature] **Date/Time Submitted:** 12/16/17

**Receiving Staff Signature:** Sgt. Beckford 211 **Date/Time Received:** 12/16/17 @ 2010

**Investigation Completed by:** Sgt. Beckford 211 **Date Completed:** 1/5/18

**Decision of the Grievance Coordinator** **Number of Sheets Attached ( )**
***Written decision shall be issued within 5 business days of receipt of grievance and shall include specific facts and reasons underlying the determination***

- ☐ **Non-grievable issue as per 9 NYCRR §7032.4(h) (may not be appealed to CAO)**
- ☐ **Grievance Accepted**
- ☒ **Grievance Denied on Merits**
- ☐ **Grievance Denied due to submitted beyond 5 days of act or occurrence (can be appealed to CAO)**
- ☐ **Grievance Accepted in part/ Denied in part (Note specific Acceptance/Denial parts below)**

See Attach Memo

**Signature of the Grievance Coordinator:** Sgt. Beckford 211 **Date:** 1/5/18

**EXHIBIT NO. 4**

Westchester gov.com

Department of Correction Valhalla, New York

# Memorandum

Date: 1/5/18

To: Brian White

From: Sgt. Beckford#211

Re: **Grievance #17-604**

---

Grievance is Denied on Merits
A replacement meal was afforded to you which you did accept on 12/16/17
As per Food Service Manager Mr.Flax all meat is precooked and then cooked at temperature of 165 Degrees before being served to population.

Westchester gov.com

Department of Correction Valhalla, New York

# Memorandum

**Date:** **9 January 2018**

**To:** **WHITE, Brian**
**Detainee JID #180957; BKG #17-4778**

**From:** **Karl Vollmer**
**Assistant Warden**

**Re:** **Grievance #17-0604**

---

I have reviewed your appeal to the grievance referenced above and I concur with the grievance coordinators decision.

The sergeant's response is accurate. Although the meat is in fact precooked and then heated prior to serving, it may appear to be raw. The meat however is cooked to the appropriate temperatures. However the tray was replaced for you and you did accept that. If you did need to see medical after a single bite then you should have informed your block officer however there is no record of any such request.

Your grievance is denied.

BRIAN WHITE, JID 180957
P.O. BOX 10
VALHALLA, NEW YORK 10595

UNITED STATES POSTAGE
PITNEY BOWES
$ 002.26⁰
02 1P
0002712896 JAN 31 2018
MAILED FROM ZIP CODE 10595

USM P3
SDNY

To: United States District Court For
The Southern District of New York
Attn: Pro Se Court Clerk
500 Pearl Street
New York, New York 10007

("LEGAL MAIL")

RECEIVED
SDNY DOCKET UNIT
2018 FEB -2 PM 3:41