UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRIAN WHITE,
               Plaintiff,

v.

WESTCHESTER COUNTY; ARAMARK
CORRECTIONAL SERVICES; KEVIN D.
CHEVERKO, Westchester County
Department of Corrections Commissioner;
MANUAL MENDOZA, Aramark Food
Service Director; PENNY STEWART,
Aramark Worker; DARNELL FLAX,
Aramark Food Service Manager; KARL
VOLLMER, Assistant Warden; FRANCIS
DELGROSSO, Assistant Warden; ROBERT
P. ASTORINO, Westchester County
Executive; HUTSON, Aramark Food
Service Director; SERGEANT MATTHEW
KITT; and SERGEANT BECKFORD,
               Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/18

Copies Mailed/Faxed 12/10/18
Chambers of Vincent L. Briccetti

**OPINION AND ORDER**

18 CV 990 (VB)

Briccetti, J.:

    Plaintiff Brian White, proceeding pro se and in forma pauperis, brings this action against

Westchester County, Westchester County Department of Corrections Commissioner Kevin D.

Cheverko, Assistant Warden Karl Vollmer, Assistant Warden Francis Delgrosso, Westchester

County Executive Robert P. Astorino, Sergeant Matthew Kitt, and Sergeant Beckford

(collectively, the "County Defendants"); and Aramark Correctional Services, LLC ("Aramark"),

Aramark Food Service Director Manual Mendoza, Line Supervisor Penny Stewart, Aramark

Food Service Manager Darnell Flax, and Aramark Food Service Director Hutson (collectively,

the "Aramark Defendants"). Liberally construed, the complaint asserts claims under 42 U.S.C.

§ 1983 for violations of the First and Fourteenth Amendments.

    Before the Court are the County Defendants' and the Aramark Defendants' motions to

dismiss pursuant to Rule 12(b)(6). (Docs. ##32, 39).

1

For the reasons set forth below, the motions are GRANTED, although plaintiff is granted leave to re-plead his claims to the limited extent described below.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motions, the Court accepts as true all well-pleaded factual allegations in the complaint and its exhibits,[1] and draws all reasonable inferences in plaintiff's favor, as summarized below.[2]

Plaintiff alleges he arrived at Westchester County Jail (the "Jail") on October 26, 2017. According to plaintiff, at all relevant times, he was a pretrial detainee.

On three occasions in November and December 2017, plaintiff allegedly was served rice with human hair in it at the Jail.

On December 1, 2017, plaintiff allegedly was served undercooked meat that leaked blood onto his meal tray. Plaintiff showed the meat to defendant Kitt, who allegedly laughed, replied with a racial epithet, and walked away. Unable to eat the undercooked meat, plaintiff alleges he was left to eat only bread and water. Plaintiff also alleges Kitt refused to accept a grievance plaintiff tried to submit to him.

On December 10, 2017, plaintiff filed a grievance alleging he had "received non-ed[i]ble globs of meat since [he] arrived," which plaintiff described as either "hard as a rock or

---

[1]     Plaintiff attached to the complaint as exhibits copies of grievances he filed and decisions on those grievances. The Court properly considers those exhibits in deciding defendants' Rule 12(b)(6) motions. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

[2]     On November 19, 2018, the Court deemed both motions to dismiss fully submitted and unopposed. (Doc. #50).

undercooked and pink." (Compl. at 20).[3] The grievance was denied on the merits in a memorandum that instructed, "If you feel that your meat has been over or under cooked, you are to inform the on duty block Officer so that he can inform the kitchen and rectify the issue." (Id. at 23). Plaintiff appealed the denial. In a memorandum denying plaintiff's appeal, Assistant Warden Vollmer reiterated, "If you have any issues with the meat then you should bring it to the officer's attention immediately." (Id. at 24).

On or around December 16, 2017, plaintiff alleges he was served meat that appeared completely raw on the inside. A correctional officer allegedly saw the meat and filed a "special report" documenting the problem. (Compl. ¶ 26).

That day, plaintiff filed a grievance with defendant Beckford stating plaintiff repeatedly had received undercooked meat and had experienced stomach pain after eating one bite. Plaintiff alleges Beckford looked at the meat plaintiff received on December 16, 2017, and that Beckford described the meat as "disgusting." (Compl. ¶ 27). However, Beckford denied plaintiff's grievance, noting plaintiff was offered and accepted a replacement meal. Beckford also noted all meat served at the Jail was precooked and recooked to 165 degrees before being served. Plaintiff appealed the denial. Assistant Warden Vollmer denied plaintiff's appeal in a memorandum stating that although served meat "may appear to be raw," it "is cooked to the appropriate temperatures." (Id. at 31).

On December 31, 2017, plaintiff received a meal on a food tray on which he allegedly observed a dead fly.

On or around January 18, 2018, plaintiff again allegedly received meat he determined was "grossly undercooked" after eating one bite. (Compl. ¶ 30). Blood in the meat allegedly

---

[3]     The Court cites to the body of the complaint by paragraph number, and to the complaint's accompanying exhibits by page number assigned by the Court's Electronic Case Filing system.

made plaintiff's teeth appear red. Plaintiff alleges an officer saw the meat, immediately requested a replacement meal, and logged the incident. However, plaintiff alleges the replacement meal included meat that was similarly undercooked, which two correctional officers observed. Plaintiff unsuccessfully grieved this incident.

Plaintiff also generally alleges he received meals on trays "covered in mold, and leaking a foul smelling liquid substance" smelling of rotting meat. (Compl. ¶ 25). Some trays allegedly had peeling plastic that mixed with the food served on them.

Plaintiff states these incidents caused him to suffer extreme stomach pain, extreme cramping, vomiting and nausea, hunger pangs, significant weight loss, headaches, fatigue, "[u]nwanted stretch marks," and diarrhea, and to incur unspecified future medical and pharmaceutical expenses. (Compl. at 10).

Plaintiff alleges defendants subjected him to unconstitutional conditions of confinement by serving him improperly cooked and unsanitary meals, and by serving him meals on unsanitary trays. Plaintiff also accuses defendants of failing to intervene in and conspiring to bring about this alleged constitutional violation; he sues defendants Witt and Beckford for violating the First Amendment by denying plaintiff's grievances; and he brings claims against Aramark and Westchester County under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

**DISCUSSION**

I.   <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    First Amendment

Defendants Beckford and Kitt argue plaintiff's First Amendment access to the courts

claims should be dismissed, because plaintiff has no constitutional right to a prison grievance

procedure.

The Court agrees.

"A prisoner has no constitutional right to a prison grievance procedure or to have his

grievances investigated." Hayes v. County of Sullivan, 853 F. Supp. 2d 400, 434 (S.D.N.Y.

2012) (collecting cases). Accordingly, plaintiff's allegations against Beckford and Kitt fail to

state a viable First Amendment claim.

III.   Fourteenth Amendment

Defendants argue plaintiff's Fourteenth Amendment deliberate indifference claims also

should be dismissed.

The Court agrees.[4]

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional

conditions of confinement by showing that the officers acted with deliberate indifference to the

challenged conditions." Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (citation omitted).  To

state such a claim, plaintiff's allegations must satisfy two prongs:  an objective prong and a mens

rea prong.  Namely, plaintiff must plausibly allege "that the challenged conditions were

sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged

conditions." Id.

---

[4]     As plaintiff alleges he was a pretrial detainee at all relevant times, the Eighth Amendment
is inapplicable. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).  The Court therefore
dismisses plaintiff's Eighth Amendment claims—styled "claims of cruel and unusual
punishment" (Compl. at 12 (capitalization altered))—and plaintiff's deliberate indifference
claims, insofar as plaintiff asserts them under the Eighth Amendment.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. at 29 (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)). The Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam) (internal quotation marks and citation omitted).

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

Plaintiff fails plausibly to allege either prong.

First, the food plaintiff alleges he received at the Jail did not pose an objectively unreasonable risk of serious damage to his health. Plaintiff alleges he was served undercooked meat three times. In one instance, plaintiff still ate bread and water; in the other two, Jail officials provided a replacement meal in response to plaintiff's complaint. Moreover, although

plaintiff alleges he twice ate a bite of undercooked meat, two bites of allegedly undercooked meat do not present a health risk sufficiently serious to violate the Fourteenth Amendment.

Plaintiff also alleges he received overcooked meat. Overcooked meat does not present a serious health risk, nor does the complaint allege the overcooked meat caused plaintiff any injury.

Plaintiff next alleges he found a dead insect on his meal tray once, and hair in his food three times. Those alleged conditions likewise did not pose a serious risk of damage to plaintiff's health.

Finally, plaintiff alleges he was served meals on molded and peeling trays. However, he fails to allege any facts supporting this allegation. For example, the complaint does not identify any specific instance when plaintiff's tray allegedly had mold or smelled of rotting meat; state whether plaintiff ever alerted Jail staff about an unsanitary meal tray; or state any facts indicating a defendant may recklessly or intentionally have failed to act concerning a meal tray. Furthermore, plaintiff does not allege facts suggesting the insect, hair, or trays caused him any injury.

Second, plaintiff fails to plausibly allege any defendant acted with deliberate indifference. If anything, the documents attached to plaintiff's complaint suggest both Aramark and the Jail had policies in place to avoid serving undercooked meat, and defendants exercised reasonable care in responding to plaintiff's complaints. Indeed, the complaint asserts the County Defendants and Aramark Defendants took proactive measures, including precooking and reheating meat to a specific temperature, logging plaintiff's concerns, offering and providing plaintiff replacement meals, and encouraging plaintiff to request replacement meals when plaintiff felt they were necessary.

Accordingly, plaintiff's Fourteenth Amendment claims are dismissed.

## IV. Remaining Claims

Because plaintiff has not adequately pleaded an underlying violation of his constitutional rights, his Monell, conspiracy, and failure to intervene claims fail as a matter of law. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address Monell claim after finding no underlying constitutional violation); Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) ("[A] plaintiff alleging a § 1983 conspiracy claim must prove an actual violation of constitutional rights."); Atkins v. County of Orange, 372 F. Supp. 2d 377, 407 (S.D.N.Y. 2005) ("The case law in the Second Circuit is clear: law enforcement officers' affirmative duty to intervene exists only when a person's constitutional rights have been violated." (internal quotation marks and citation omitted)).

Plaintiff's remaining claims therefore are dismissed.

## V. State Law Claims

Plaintiff's federal claims having been dismissed, there remain no claims over which the Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over any state law claims plaintiff's complaint may liberally be construed to present, see 28 U.S.C. § 1367(c)(3), and dismisses any such claims without prejudice.

## VI. Leave to Amend

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation marks and citations omitted). District courts "should not dismiss [a pro se complaint]

without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuocu v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when a plaintiff is proceeding pro se. See Terry v. Incorporated Village of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016) (citing Cuoco v. Moritsugu, 222 F.3d at 112). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted).

As to all but one of plaintiff's claims, the complaint, even liberally construed, contains no allegations suggesting plaintiff has a valid claim he "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d at 112. Plaintiff cannot plausibly allege any food served to him posed a serious risk of damage to his health, as required for his Fourteenth Amendment claims to survive dismissal. Amendment likewise would not cure plaintiff's failure to show any defendant acted with deliberate indifference to plaintiff's food, as plaintiff alleges facts demonstrating defendants responded with reasonable care to plaintiff's complaints. Further, plaintiff has no constitutional right to a prison grievance process and therefore lacks a viable First Amendment claim for denial of access to the courts.

However, a liberal reading of the complaint does give some indication that plaintiff's allegations regarding being served meals on unsanitary food trays could potentially state a viable claim. Assuming plaintiff's allegations are true, being served prison meals on moldy trays smelling of rotten meat conceivably could present a serious risk of damage to an inmate's health,

and prison officials conceivably could have at least recklessly failed to act with reasonable care by serving meals on such trays or permitting such trays to be used.

In short, because a liberal reading of the complaint indicates valid Fourteenth Amendment, Monell, failure to intervene, and conspiracy claims might be stated relating to being served meals on unsanitary food trays, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint only with respect to the unsanitary meal trays claim and only to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. describe all relevant events, stating the facts that support plaintiff's case, including what each individual defendant did or failed to do;

2. include any details plaintiff may provide regarding allegedly unsanitary meal trays;

3. include any details plaintiff may provide regarding any alleged practice or policy of serving meals on unsanitary trays;

4. describe exactly what happened concerning allegedly unsanitary meal trays; and

5. include any details plaintiff may provide regarding any injury he suffered as a result of receiving meals on unsanitary trays.

Also, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims. However, plaintiff is directed to include in his amended complaint only those facts and documents he believes plausibly support a violation of his constitutional rights.

11

Plaintiff shall not burden the Court with extraneous facts or documentation regarding issues already resolved.

## CONCLUSION

Defendants' motions to dismiss plaintiff's claims are GRANTED.

Plaintiff is granted leave to file an amended complaint, subject to the limitations set forth above. Plaintiff shall use the Amended Complaint form attached hereto.

Plaintiff shall file his amended complaint by no later than January 10, 2019. If plaintiff fails to comply with this Order, the Court will deem plaintiff to have abandoned his case, and the case will be dismissed for failure to prosecute and failure to comply with a court order. Fed. R. Civ. P. 41(b).

The Clerk is instructed to terminate the pending motions (Docs. ##32, 39).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: December 10, 2018
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 18 CV 990 (VB)

(To be filled out by Clerk's Office)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name       Middle Initial      Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City       State       Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                State          Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |

Prison Address

| County, City | | State | | Zip Code |
| --- | --- | --- | --- | --- |

Date on which I am delivering this complaint to prison authorities for mailing: _____